# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. '21 MJ01428
)
Google account: wymexi2@gmail.com )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the   Northern   District of   California  , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252 & 2252A | Distribution, Transportation, Receipt, Possession of Child Pornography |

The application is based on these facts:

See Attached Affidavit of Special Agent, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Allison Kehlmann, NCIS
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
  telephone   *(specify reliable electronic means)*.

Date: April 16, 2021

*Judge's signature*

City and state: San Diego, California    Hon. Allison H. Goddard, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Allison Kehlmann, being duly sworn, hereby state as follows:

**INTRODUCTION**

1. I am a Special Agent (SA) with the Naval Criminal Investigative Service (NCIS) and have been so employed since January 2019. I am currently assigned to a Family and Sexual Violence billet at the NCIS Marine Corps West Field Office, Camp Pendleton, California. I received a Bachelor of Science degree in Criminal Justice with a Minor in Psychology, Magna Cum Laude, from Northeastern University. Before my current position with NCIS, I was employed as an Operational Support Technician with the Federal Bureau of Investigation Boston Field Office from 2016 to 2019. Since beginning employment with NCIS, I have completed the Criminal Investigator Training Program and the Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the NCIS Advanced Adult Sexual Assault Investigator Training Program. I also serve as a NCIS Marine Corps West Field Office representative to the San Diego Internet Crimes Against Children (ICAC) Task Force. This task force includes members of the San Diego Police Department, San Diego County Sheriff's Department, U.S. Postal Inspection Service, Federal Bureau of Investigation, Homeland Security Investigations, U.S. Attorney's Office, and the San Diego County District Attorney's Office. As an NCIS Special Agent assigned to the ICAC task force, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography in violation of 18 U.S.C. §§ 2252 and 2252A. I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256).

2. I make this affidavit in support of an application by the United States of America for a search warrant for Google, LLC, 1600 Amphitheatre Parkway,

1

Mountain View, California 94043, as described in Attachment A, to search for information associated with the following Google and Google Drive account username:

Gmail Account: wymexi2@gmail.com

from March 1, 2019, to the present, for items that constitute evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, as described in Attachment B.

3. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I or others have learned during the course of this investigation.

**BACKGROUND ON INTERNET SERVICE PROVIDER GOOGLE, LLC.**

4. Google, LLC is a corporation that provides Internet services worldwide. Google's electronic mail service allows Internet Service Provider (ISP) subscribers to communicate with other ISP subscribers and with others through the Internet via email communication and instant messaging. ISP subscribers access Google services through the Internet.

5. Subscribers to Google use screen names during communications with others. The screen names may or may not identify the real name of the person using a particular screen name. Although Google requires users to subscribe for a free account, Google does not verify the information provided by the subscriber for its free services. At the creation of a Google account, and for each subsequent access

to the account, Google logs the IP address of the computer accessing the account. These logs, as well as subscriber information for the customer, are available to law enforcement by serving a subpoena.

6. In addition to email, Google provides a variety of online services, such as Google Drive, and Google Photos. Google Drive is a file storage and synchronization service operated by Google. It allows users to store files in the cloud, synchronize files across devices and share files. It is available on the Internet and as a mobile application. Files and folders stored in Google Drive can be shared privately with particular users having a Google account, using their Google email address.

7. A Google subscriber can also store files, including e-mails, address books, contact or buddy lists, pictures, and on other Google files/services such as Google Drive, or Google Photos. Google provides 15 GB of free Google online or cloud storage to any Google user.

8. Subscribers to Google might not store on their home computers copies of the e-mails, images, documents, or videos stored in their Google account. This is particularly true when they access their Google account through the web, or if they do not wish to maintain particular e-mails or files in their residence.

**BACKGROUND ON THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN**

9. The National Center for Missing and Exploited Children (NCMEC) was established in 1984 as a private, nonprofit organization. NCMEC provides services nationwide for families and professionals in the prevention of abducted, endangered, and sexually exploited children. Pursuant to its mission and its congressional authorization, NCMEC operates the CyberTipline, a forum for private citizens and businesses to report information related to the mission of the NCMEC, including the sexual exploitation of children.

10. In accordance with 18 U.S.C. § 2258A, if an Internet company locates the presence of child pornography in a user's account, a CyberTipline Report will be submitted to NCMEC. While Internet companies will report the presence of any child pornography they find to NCMEC, they do not conduct an exhaustive search of a user's cloud storage, but typically an automated method for locating images of suspected child pornography. This may include the use of automated technologies that compare the hash values of images contained in the user's account to the hash values of images of child pornography.

11. When NCMEC receives a CyberTipline Report related to the sexual exploitation of children, NCMEC analysts conduct preliminary research to determine the possible location of the incident, and then forward the information to the appropriate ICAC Task Force or the appropriate law enforcement agency for follow-up. NCMEC does not look at the actual images of alleged child pornography; rather NCMEC analysts leave it up to the appropriate law enforcement agency to determine the validity of the images. However, images which are included within a CyberTipline Report may have been viewed by the Internet company which submitted the report.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

12. On March 18, 2019, NCMEC received a CyberTipline report from Tumblr concerning a user uploading suspected child pornography files. According to the information submitted by Tumblr (CyberTipline Report #47676324), on March 18, 2019, Tumblr became aware that a user associated with Tumblr account stupendousknightmongerspy and electronic mail (email) address wyatt.jensen24@gmail.com uploaded five images of suspected child pornography, which were stored in Tumblr infrastructure. Tumblr additionally provided the most recent internet protocol (IP) address associated to the aforementioned user was 2600:8801:b200:d6e0:4099:22b6:a70f:d27d.

13.     A geo-location query conducted by NCMEC revealed the aforementioned IP address resolved to Oceanside, California. Because of the geographical location, the CyberTipline Report was thereafter referred to Oceanside Police Department (OPD) via the San Diego ICAC Task Force.

14.     OPD subsequently served a search warrant to Tumblr for the "stupendousknightmongerspy" account. OPD received the search warrant return and identified images of child erotica and child pornography within the account.

15.     OPD also conducted queries using law enforcement databases identified the Tumblr user to be Wyatt JENSEN (hereinafter referred to as JENSEN), with a mailing address located onboard Marine Corps Base Camp Pendleton, CA. OPD subsequently referred the investigation to NCIS and I was recently assigned the investigation.

16.     Upon referral, I received and reviewed a copy of the OPD case file which confirmed the aforementioned information. I also confirmed JENSEN was an active duty Marine. I additionally confirmed that the Tumblr search warrant return contained the five images initially flagged by Tumblr as child pornography as well as the additional images of child pornography as defined in 18 U.S.C. § 2256. A description of two of the additional images of child pornography are as follows:

| File Name | File Description |
| --- | --- |
| 183067998995_0.mp4 | This one minute and 31 second video depicts a pre-pubescent female engaged in vaginal-penile intercourse with an adult male. |
| 183067626000.gif | This image depicts a pre-pubescent female filming herself and panning the camera down to expose her vagina in a lewd and lascivious manner. |

17.     On March 17, 2021, NCIS interviewed JENSEN at the NCIS office on Camp Pendleton. JENSEN arrived voluntarily to the office and agreed to speak with

5

me after waiving his Miranda rights. During the interview, JENSEN confirmed he had seen child pornography on social media and did have a Tumblr account. JENSEN signed a Permissive Authorization for Search and Seizure (PASS) to allow me to review the entire contents of his cellular phone. However, he declined to continue to be interviewed without counsel present.

18. Prior to seizing the cellular phone, JENSEN was allowed to use the phone to make a call. During the phone call, I and another NCIS SA observed JENSEN using his thumb to repeatedly tap the screen of his cellular phone. At the conclusion of the phone call, JENSEN's phone was seized, and JENSEN remained while a review of the Target Device was conducted.

19. Upon brief review of the cellular phone, I and another NCIS SA noted the email account wyatt.jensen24@gmail.com located within the "Accounts" folder which matched the account information from the CyberTipline Report. Also noted within the internal storage section of the phone was a folder called "Pictures," which contained a subfolder entitled "Tumblr." The timestamp associated to the Tumblr subfolder was October 13, 2020 at 8:42PM, indicating the last date Tumblr was used on the cell phone.

20. Additionally, within the trash folder of the photo gallery on the cell phone, I and another NCIS SA observed several images which constituted child pornography as defined in 18 U.S.C. § 2256. A description of the two of the images are as follows:

| File Name | File Description |
|---|---|
| image0004.png | This photograph depicts a prepubescent female on her back with rope around her wrists while she is orally copulating a penis. |
| image0011.png | This photograph depicts a prepubescent female laying on her back and lifting her nightgown up to expose her |

| | |
|---|---|
| | vagina and stomach while she is being vaginally penetrated by a penis. |

21. Shortly after conducting this review, the review of the phone was stopped when JENSEN revoked his PASS. However, because of the discovery of the child pornography images described above, the phone was not returned to JENSEN and remained in NCIS custody. A federal search warrant was thereafter obtained to seize and search the contents of JENSEN's phone.

22. I subsequently reviewed JENSEN's phone and observed several videos which constituted child pornography as defined in 18 U.S.C. § 2256. A description of the three of the videos are as follows:

| File Name | File Description |
|---|---|
| 4yo girl sucks and eats cum(2).mpg | This video depicts a prepubescent female orally copulating an adult male while he masturbates. |
| (pthc) NEW 2016 Pedo Childlover 8yo Daddy's Little Girl JM 11.mp4 | This video depicts a prepubescent female and adult male on a bed kissing and removing all clothing to where both are naked. The male subsequently orally copulates the female's vagina and anus and penetrates her vagina with his penis. The prepubescent female additionally orally copulates the male. |
| 45dsfsdf.mp4 | This video depicts a prepubescent female lying on her back with her arms out and chest exposed. An adult male kneels over her and ejaculates into her mouth and then inserts his penis into her mouth. |

23. During the review, I also observed JENSEN's phone was programmed to backup to the Google Drive when Wi-Fi connected. The most recent backup to the Google Drive occurred on March 16, 2021 at 10:22PM, and photos and videos were included in the backup. The account associated to the backup was wymexi2@gmail.com.

7

24. I subsequently sent a preservation letter to Google for the wymexi2@gmail.com account.

25. As a result of my training and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the receipt, distribution and possession of child pornography.

    a. These individuals may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasizing while viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

    b. These individuals may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, video tapes, books, sliders and/or drawings or other visual media. These individuals often use these materials for their own sexual arousal and gratification. Furthermore, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

    c. These individuals often maintain their digital or electronic collections of child sexual exploitation images in a safe, secure, and private environment, such as on cellular telephones and computers. These collections are often maintained for several years and are kept close by, usually at the individual's residence, on his or her person, or in his or her vehicles, to enable the individual to view the collection, which is valued highly.

    d. These individuals also may correspond with and/or meet others to share information and materials; are rarely able to completely destroy correspondence from other child pornography distributors/collectors; conceal

correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

  e. These individuals prefer not to be without their child sexual exploitation images for any prolonged time period. Collectors will take their collection with them if they change residences, as the collection is considered to be a prized possession. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world. That said, there are individuals with a sexual interest in children who download and view digital images of child sexual exploitation and delete them in order to avoid detection by law enforcement or other people. However, even in cases where these images are deleted, or concealed via encryption software, forensic examiners can use specialized tools to recover the deleted files or access encrypted files.

  f. These individuals often use specialized software to conceal the existence of evidence and/or destroy said evidence. There are a variety of different programs that an individual can use to accomplish these objectives, many of which are free. Additionally, these individuals have been known to store child pornography in unconventional physical locations, as well as in unusual digital locations on computers and cellular phones. These files and folders, or applications, have been misnamed or renamed in an attempt to mislead investigators.

  g. These individuals will often download and store images of children they know or with whom they have communicated, as well as their communications with those children. The images may not necessarily be pornographic or obscene in nature; however, they are often used for the individuals' sexual gratification.

26. Based on the facts set forth in the investigation, I believe that JENSEN has a sexual interest in children and is likely to exhibit the common characteristics

of someone involved in the receipt and possession of child pornography, as described above. Additionally, the email account wyatt.jensen24@gmail.com located on JENSEN's cellular phone matches the email account associated to the account flagged by Tumblr for uploading suspected child pornography as detailed in the CyberTipline report. The images observed on JENSEN's cellular phone further evidence JENSEN's sexual interest in children. Given JENSEN's demonstrated sexual interest in children, I believe that the wymexi2@gmail.com Google account contains evidence, and are instrumentalities, of violations of 18 U.S.C. § 2252 and 2252A.

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION**

27. Federal agents and investigative support personnel are trained and experienced in identifying communications relevant to the crimes under investigation. The personnel of Google are not. It would be inappropriate and impractical for federal agents to search the vast computer network of Google for the relevant accounts and then to analyze the contents of those accounts on the premises of Google. The impact on Google's business would be disruptive and severe.

28. Therefore, I request authority to seize all content, including electronic mail and attachments, stored instant messages, stored voice messages, photographs, and any other content from the Google account, as described in Attachment B. In order to accomplish the objective of the search warrant with a minimum of interference with the business activities of Google, to protect the privacy of ISP subscribers whose accounts are not authorized to be searched, and to effectively pursue this investigation, NCIS seeks authorization to allow Google to make a digital copy of the entire contents of the account(s) subject to seizure. That copy will be provided to me or to any authorized federal agent. The copy will be imaged, and the image will then be analyzed to identify communications and other electronic records subject to seizure pursuant to Attachment B. Relevant electronic records will be

copied to separate media. The original media will be sealed and maintained to establish authenticity, if necessary.

29. Analyzing the data to be provided by Google may require special technical skills, equipment, and software. It may also be very time-consuming. Searching by keywords, for example, often yields many thousands of "hits," each of which must be reviewed in its context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keyword searches do not capture misspelled words, reveal the use of coded language, or account for slang. Keyword searches are further limited when electronic records are in or use foreign languages. Certain file formats also do not lend themselves to keyword searches. Keywords search text. Many common electronic mail, database and spreadsheet applications, which files may have been attached to electronic mail, do not store data as searchable text. Instead, such data is saved in a proprietary non-text format. And, as the volume of storage allotted by service providers increases, the time it takes to properly analyze recovered data increases dramatically. The ISPs do not always organize the electronic files they provide chronologically, which makes review even more time consuming and may also require the examiner to review each page or record for responsive material.

30. Based on the foregoing, searching the recovered data for the information subject to seizure pursuant to this warrant may require a range of data analysis techniques and may take weeks or even months. Keywords need to be modified continuously based upon the results obtained and, depending on the organization, format, and language of the records provided by the ISP, examiners may need to review each record to determine if it is responsive to Attachment B. The personnel conducting the examination will complete the analysis within ninety (90) days of receipt of the data from the service provider, absent further application to this court.

31. Based upon my experience and training, and the experience and training of other agents with whom I have communicated, it is necessary to review and seize all electronic mails that identify any users of the subject account(s) and any electronic mails sent or received in temporal proximity to incriminating electronic mails that provide context to the incriminating mails.

32. All forensic analysis of the imaged data will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

## GENUINE RISK OF DESTRUCTION OF DATA

33. Based upon my experience and training, and the experience and training of other Agents with whom I have communicated, electronically stored data can be permanently deleted or modified by users possessing basic computer skills. Furthermore, based on my training and experience, I know electronically stored data can also exist on a subject's computers. In this case, if the subjects receive advance warning of the execution of this warrant, will there be a genuine risk of destruction of evidence.

## PRIOR ATTEMPTS TO OBTAIN DATA

34. The United States has not attempted to obtain this data by other means.

## CONCLUSION

35. Based on the foregoing, I submit there is probable cause to believe items that constitute evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, as described in Attachment B, will be found at the property to be searched, as provided in Attachment A.

_____
Allison Kehlmann, Special Agent
Naval Criminal Investigative Service

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 16th day of April, 2021.

*Allison H. Goddard*
_____
HONORABLE ALLISON H. GODDARD
United States Magistrate Judge

# ATTACHMENT A

Google, LLC is an Internet Service Provider with its primary computer information systems and other electronic communications and storage systems, records, and data located at 1600 Amphitheater Parkway, Mountain View, California 94043, in the Northern District of California.

# ATTACHMENT B

I.   Service of Warrant

The officer executing the warrant shall permit Google, LLC as custodian of the computer files described in Section II below, to locate the files and copy them onto removable electronic storage media and deliver the same to the officer. Notwithstanding the provisions of 18 U.S.C. § 2252A or similar statute or code, Google is authorized to disclose responsive data, if any, by sending it to the law enforcement officer using the US Postal Service or another courier service, or by delivering encrypted files through Google's Law Enforcement Request System.

II.  Items to be provided by the ISP

All subscriber and/or user information, all electronic mail, images, text messages, histories, buddy lists, profiles, address books, chat logs, methods of payment, detailed billing records, Internet Protocol (IP) logs, deleted data, backup data, and transactional data, in addition to account content associated with the Google account, including Google Drive, Google Photos, and any other files or records associated with the following account and screen name(s):

**wymexi2@gmail.com**

III. The search of the data supplied by Google pursuant to this warrant will be conducted as provided in the "Procedures For Electronically Stored Information" of the affidavit submitted in support of this search warrant and will be limited to the period of March 1, 2019, to the present, and to the seizure of:

   a. Any and all photographs, videos, visual depictions or other content related to the sexual exploitation of minors, including but not limited to communications and other content evidencing the actual and attempted sexual exploitation of minors, the distribution, receipt, and possession of child pornography as defined by 18 U.S.C. §2256, and the identification of any individuals involved in the same.

   b. Electronic mail, attachments and records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.

   c. Electronic mail and attachments that provide context to any electronic mail reflecting the criminal activity described in this warrant including any electronic mail sent or received in temporal proximity to any relevant electronic mail and any electronic mail that identifies any users of the subject account;

**which are evidence of violations of 18 U.S.C. §§ 2252 and 2252A.**